496 P.2d 715

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Edgar Ray BETTIS, Defendant and Appellant.**

**No. 12295.**

Supreme Court of Utah.

April 25, 1972.

---

2.  Frank and Company v. Industrial Comm., 27 Utah 2d 301, 495 P.2d 821 (1972).

**374**

———◇———

Salt Lake Legal Defender Assn., D. Gilbert Athay, Jay D. Edmonds, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Chief Asst. Atty. Gen., Larry V. Lunt, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from an insufficient funds conviction in violation of Title 76–20–11, Utah Code Annotated 1953,[1] in a jury trial. Affirmed.

Defendant says 1) there was insufficient evidence to show that he knew his account had been closed, and 2) that admission of evidence of similar instances of checks with insufficient funds was prejudicial. Neither point on appeal is well taken but is well tenuous. As to 1) above, defendant says his lack of knowledge was the result of periodic "blackouts." The evidence amply justified the veniremen in concluding that such blackouts were ethereal fiscal "redouts" at the bank. As to 2), the evidence was admissible and nonprejudicial, particularly when the other offense was a bum check drawn on another bank in the same transaction giving rise to the instant case. Dishonesty has its upside-down virtues in many circumstances, including those involving a nervous fountain pen, leading one to a similarly characterized institution.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.

1. Vol. 8, 1971, Pocket Supplement, pages 62–63; Laws of Utah 1969, Ch. 239, Section 1.